UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| VIET P. DINH, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-00323 |
| | § | |
| SAMSUNG FIRE & MARINE | § | |
| INSURANCE CO., LTD., | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER ON MOTION TO COMPEL DISCLOSURE OF DOCUMENTS

United States District Judge Nelva Gonzales Ramos referred to undersigned United States Magistrate Judge the parties' dispute over whether certain documents listed on Defendant's Privilege Log should be disclosed to Plaintiff. Hearings were held Wednesday, April 10, 2013, and Friday, April 12, 2013, and the disputed documents were given to the court for an *in camera* inspection. Because the parties submitted most of their arguments via e-mailed communications to the court's case managers, the DVD and copies of the disputed documents will be made part of the record but placed under seal. The parties arguments, e-mailed arguments, and pleadings will also be made part of the record by placing all documents in an envelope which will not be sealed or electronically imaged, but will be part of the record for purposes of appeal or review.

This is a diversity case involving a vessel, the Princess Jestyna, owned by plaintiff and insured by defendant. The vessel caught fire and sank in the Gulf of Mexico on July 20, 2012. Plaintiff sued defendant for recovery under the insurance contract, bad faith,

violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act (D.E. 11).  An intervenor complaint was filed by the salvage company, T & T Marine Salvage Co., which raised and recovered the vessel and has not been paid in full for their efforts (D.E. 22).

## Discussion

Under the attorney-client privilege, "a corporate client has a privilege to refuse to disclose, and prevent its attorneys from disclosing, confidential communications between its representatives and its attorneys when the communications were made to obtain legal services."  Nguyen v. Excel Corp., 197 F.3d 200, 206 (5th Cir. 1999)(citing 3 JACK B. WEINSTEIN ET AL., WEINSTEIN'S FEDERAL EVIDENCE §§ 503.10, 503.11, at 503-14-15 (2d ed. 1999) and Upjohn Co. v. United States, 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981)).  The proponent of the privilege must establish (1) that an attorney-client relationship existed; (2) that the particular communications at issue are privileged and (3) that the privilege was not waived.  Apex Mun. Fund v. N-Group Securities, 841 F.Supp. 1423, 1426 (S.D. Tex. 1993)(citing United States v. Jones, 696 F.2d 1069, 1072 (4th Cir. 1982)).

The work product doctrine is codified at Rule 26(b)(3) of the Federal Rules of Civil Procedure:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent).  But, subject to Rule 26(b)(4), those materials may be discovered if:
>
> (i) they are otherwise discoverable under Rule 26(b)(1); and

>(ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

The work product doctrine "works to protect the mental process of an attorney from inquiry by [the] opposing party." Smith v. Diamond Offshore Drilling, Inc., 168 F.R.D. 582, 583 (S.D. Tex. 1996) (citing Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385 (1947)). The privilege applies to documents prepared in anticipation of litigation. Fed. R. Civ. P. 26(b)(3); In re Kaiser Alum. & Chem. Co., 214 F.3d 586, 593 (5th Cir. 2000), cert. denied 532 U.S. 919, 121 S.Ct. 1354 (2001). Litigation does not need to be imminent "'as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation.'" United States v. El Paso Co., 682 F.2d 530, 542 (5th Cir. 1982)(quoting United States v. Davis, 636 F.2d 1028, 1040 (5th Cir. 1981)); accord Kaiser Alum., 214 F.3d at 593. Documents and materials assembled in the ordinary course of business or pursuant to public requirements unrelated to the litigation, or for other nonlitigation purposes, are not entitled to work product protection. Fed. R. Civ. P. 26(b)(3), Advisory Committee's note. The burden of establishing that a document is work product is on the party who asserts the claim. Hodges, Grant & Kaufman v. United States Dept. Treas., 768 F.2d 719, 721 (5th Cir. 1985)(citing Hickman, 329 U.S. at 511-12, 67 S.Ct. at 394).

Though cloaked with work-product protection, the documents and materials may nonetheless be discoverable if the party seeking discovery can show it has a substantial need for the materials and cannot, without undue hardship, otherwise obtain the materials or their substantial equivalent. Fed. R. Civ. P. 26(b)(3). The burden of showing that the

materials should be disclosed is on the party seeking production.  Hodges, Grant & Kaufmann, 768 F.2d at 721.

Defendant claims that litigation was anticipated as early as July 24, 2012, when plaintiff's counsel wrote a letter to defendant making an offer to defendant on plaintiff's claim.  But in any event defendant was aware that litigation was imminent no later than August 10, 2012, when plaintiff's counsel sent a letter to defendant alleging that the insurance company was acting in bad faith by failing to pay plaintiff's claim.  Defendant hired its present attorneys (outside counsel) on July 30, 2012 (Aff. Of James Doyle).

Based on this framework, and after considering the parties' arguments and briefs and examining the documents *in camera*, the following order is entered.  Document Nos. 5-7, 9-15, 16-25, 63-64, 125-138, 157-163, 164-187, 189, 190, 194-195, 198-204, 205-206, 208-213, 215-216, 221-226, 240-265, 275-283, 288, 290-194, and 297, are covered by the attorney-client privilege.  Documents 139, 340-351, and 365-377 are written almost entirely in Korean.  Defendant should either produce these documents (in Korean or translated to English) and disclose to plaintiff, or, if defendant wishes the document to be considered privileged, defendant must have the documents translated.  If the parties are requesting a ruling on the document(s) after a translation is produced, they shall contact the court.  To the extent that these documents contain handwritten notes of defendant's in-house personnel or attorneys, those notes are protected by the work-product privilege and need not be disclosed.  Documents 76-100 were prepared by an expert consulted by defendant, but defendant does not intend to call this expert to testify at trial, and the documents need not be divulged.  FED. R. CIV. P. 26(b)(4)(D).

Documents numbered 140-150 are work product and need not be produced. Documents 352-364 are identified by defendant as policy schedule information. These documents are not privileged and must be disclosed to plaintiff, but the copy provided to the court with hand-written notes need not be turned over. The remaining documents were either not requested by plaintiff, or were disclosed by defendant.[1]

All relief not granted by this order is denied.

ORDERED this 12th day of April, 2013.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

---

[1] The court is aware that to the extent that counsel hired by defendant is acting as a claims adjuster or claims investigator and not as a legal advisor, the work and impressions are not protected. <u>Panattoni Construction, Inc., v. Travelers Prop. Casualty Co.</u>, No. C11-1195RSM, 2012 WL 6567141 (W.D. Wash. Dec. 14, 2012) (unpublished). Because litigation was commenced in this case two months after the accident and before the defendant had completed its investigation, it was just not possible to separate the legal advice from the claims investigation process. No authority with similar facts was found or cited by the parties. Defendant did voluntarily disclose to plaintiff the report prepared by its adjuster hired immediately following the July 20th fire and sinking of the vessel.